**IN RE APPLICATION OF ZIMMERMAN.**

**[Cite as *In re Application of Zimmerman,***

**134 Ohio St.3d 268, 2012-Ohio-5644.]**

*Attorneys—Character and fitness—Unresponsive bar-exam answers and mental-*
*health issues require disapproval of application to take the bar exam—*
*Applicant may apply to take the July 2014 bar exam.*

(No. 2012-0428—Submitted May 9, 2012—Decided December 5, 2012.)

ON REPORT by the Board of Commissioners on Character and

Fitness of the Supreme Court, No. 518.

_____

**Per Curiam.**

**{¶ 1}** Brenda Michelle Zimmerman of Dayton, Ohio, is a 2011 graduate
of the University of Dayton School of Law and has applied as a candidate for
admission to the bar. On the recommendation of the admissions committee of the
Dayton Bar Association, the Board of Commissioners on Character and Fitness
approved Zimmerman's character and fitness and permitted her to take the July
2011 bar exam. Zimmerman did not pass the bar exam, and based on her
unresponsive answers to the bar-exam questions, the Board of Bar Examiners
expressed concern about her fitness to practice law.

**{¶ 2}** The Board of Commissioners on Character and Fitness exercised
its power to sua sponte investigate Zimmerman's character, fitness, and moral
qualifications. *See* Gov.Bar R. I(10)(B)(2)(e). Having reviewed Zimmerman's
bar-exam answers and heard her testimony, a panel of the board recommended
that her character, fitness, and moral qualifications be disapproved, but that she be
permitted to reapply for the July 2013 bar exam. The panel would condition her
ability to reapply on her submission to a mental-health evaluation by a licensed

psychiatrist or psychologist selected by the board, demonstration of a period of sustained compliance with any treatment recommendations, submission of a new application to register as a candidate for admission to the practice of law, and completion of a new character and fitness examination, including a new National Conference of Bar Examiners ("NCBE") background investigation.

{¶ 3} The board adopted the panel's findings of facts and recommendations. We, in turn, adopt the board's findings of fact and recommendations, but will not permit Zimmerman to reapply until the July 2014 bar exam.

### Summary of the Proceedings

{¶ 4} Zimmerman did not pass the July 2011 bar exam because her answers were not responsive to the questions. Instead of analyzing the fact patterns presented in the exam, Zimmerman expounded upon God, her religion, and her belief that the United States and the legal system have strayed from the laws of God and defiled his name.

{¶ 5} At the hearing, Zimmerman testified that she no longer wants to practice law. She stated that law school had opened her eyes and made her realize that law is not a good career choice for her. She indicated that she does not like the way that the country is being run and expressed great displeasure with the decision of the Supreme Court of the United States in *Kelo v. New London*, 545 U.S. 469, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005), which allowed a city to take private property by eminent domain for economic-development purposes.

{¶ 6} Zimmerman testified that she is currently unemployed and has approximately $223,000 in student loans that she cannot pay. She acknowledged that she had spoken to the dean of her law school, who recommended that she seek help from the Ohio Lawyers Assistance Program ("OLAP"), but she stated that the thought of talking to someone at OLAP scared her. Her testimony was rambling at times, touching on random issues like cloud seeding, biological-

warfare testing that has been performed on this country's military personnel, the Bay of Pigs invasion, and the assassinations of John F. Kennedy, Robert Kennedy, and Martin Luther King Jr.

**{¶ 7}** When Zimmerman was asked whether she was, or had ever been, on medication, she indicated that she does not take any medications. Though she admitted that a counselor had once prescribed Paxil and Trazodone, she reported that she did not like the medications and stopped taking them after one week because "[n]o one needs a permanent smile on their face that hurts." She did not feel that a past counseling effort had been helpful, and she indicated that she has deeply buried childhood trauma that should remain buried.

**{¶ 8}** Zimmerman reported that she had never before answered exam questions in the manner that she answered her bar-exam questions. She said that either the night before or the morning of the exam, the signs were there and led her to answer the questions in that manner and that this was the first time she had "put God down on a piece of paper." She reported that she prayed very hard and tried to communicate with God and Jesus because she did not want to write these answers and throw away the time and effort that she had put into law school, but that the Lord forbade her to practice law.

**{¶ 9}** The panel expressed sympathy for Zimmerman's long-held desire to practice law and the struggles that she endured to obtain her undergraduate, master's, and law degrees, but recognized that her mental-health issues and her attitude are huge obstacles in her path. Although it recommended that we disapprove her pending application, it recognized that Zimmerman may one day be able to demonstrate that she possesses the requisite character, fitness, and moral qualifications to practice law. Therefore, it recommended that she be permitted to reapply for the July 2013 or a later bar exam, provided that she submit to a mental-health evaluation by a licensed psychiatrist or psychologist selected by the board, demonstrate a period of sustained compliance with any

treatment recommendations, submit a new application to register as a candidate for admission to the practice of law, and complete a new character and fitness examination, including an NCBE background investigation.

**Disposition**

{¶ 10} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3).

{¶ 11} Gov.Bar R. I(11)(D)(3) and (4) provide nonexhaustive lists of factors that the admissions committee and the board must consider before making a recommendation concerning an applicant's character, fitness, and moral qualifications. One of the factors to be considered is whether there is "[e]vidence of mental or psychological disorder that in any way affects or, if untreated, could affect the applicant's ability to practice law in a competent and professional manner." Gov.Bar R. I(11)(D)(3)(e).

{¶ 12} Zimmerman's performance on the July 2011 bar exam and her testimony at the panel hearing are evidence that a mental or psychological disorder is present. Her inability to analyze and cogently address the bar-exam questions to further her own career objectives raises serious issues about her ability to analyze her clients' problems, research the applicable law, and advocate for her clients in a competent and professional manner. Therefore, we adopt the board's finding that Zimmerman has failed to prove that she currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio as well as the recommendation that we disapprove her pending application.

{¶ 13} However, we believe that allowing Zimmerman to reapply for the July 2013 bar exam will not allow her sufficient time to obtain a mental-health

evaluation and demonstrate a period of sustained compliance with treatment recommendations. We will, however, permit Zimmerman to reapply for the July 2014 bar examination.

{¶ 14} Accordingly, we disapprove Zimmerman's pending application and will permit her to reapply for the July 2014 or a later bar exam, provided that she submit to a mental-health evaluation by a licensed psychiatrist or psychologist selected by the board, demonstrate a period of sustained compliance with any treatment recommendations, submit a new application to register as a candidate for admission to the practice of law, and complete a new character and fitness examination, including an NCBE background investigation.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Brenda Michelle Zimmerman, pro se.

Faruki, Ireland & Cox, P.L.L., and James W. Pauley III, for the Dayton Bar Association.

_____